UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLANDO CATINAC COTIY,

Petitioner,

v.

BRUCE SCOTT, ET AL.,

Respondents.

Case No. C26-3858-SKV

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Rolando Catinac Cotiy ("Petitioner"), a native and citizen of Guatemala, is currently being held in detention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). Dkt. 1 at 2. Through counsel, he filed the instant Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, in which he challenges the constitutionality of an Immigration Judge's ("IJ") August 4, 2026, bond denial based on flight risk. *Id.* at 4; Dkt. 9-4. He seeks immediate release from custody. Dkt. 1 at 16.

The Petition is verified by Petitioner's attorney. *Id.* at 16-17. Respondents filed a return, Dkt. 7, together with the declarations of Deportation Officer Daniel Gray,[1] Dkt. 8, and Special

[1] Officer Gray's Declaration is made based on his "familiarity with the case of Erlin Francisco Castro Espinal," but is captioned with Petitioner's name and the docket number for this case. This apparent clerical error does not affect the Court's reasoning in this case.

Assistant United States Attorney Peter H. Clark, Dkt. 9, the latter of whom attests to the authenticity of attached exhibits. Dkts. 9-1 – 9-7. Petitioner filed a traverse in reply. Dkt. 10. Having reviewed the parties' submissions and the governing law, the Court GRANTS the petition, Dkt. 1, for the reasons set forth below.

## I. BACKGROUND

On June 12, 2026, this Court granted Petitioner's first habeas petition. *Anguiano-Chavez v. Hernandez*, 2:26-cv-01974-TMC (W.D. Wash. June 12, 2026). The Court concluded that 8 U.S.C. § 1226(a) entitled Petitioner to a bond hearing to assess flight risk and danger to the community before he could be held in immigration-related detention, and the Court ordered that Respondents timely provide him with such a hearing or release him. *Id.* (incorporating the reasoning of *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025)).

Petitioner filed a Motion for a Bond Hearing and Supporting Evidence, Dkt. 9-5, and he appeared before an IJ for a bond hearing on August 4, 2026. Attachments to his motion included Petitioner's Declaration describing his twenty-year residence in California, family ties, community connections, and work history there, along with two letters of support and a partially-redacted letter from a Guatemalan city council member attesting to territorial conflict in Petitioner's native region. *Id.* The Department of Homeland Security ("DHS") submitted this Court's order granting Petitioner's first habeas petition and Petitioner's Form I-213 Record of Deportable/Inadmissible Alien. Dkt. 9-6. Beyond basic demographic facts relevant to Petitioner's immigration status, the three-page Form I-213 contains a description of his arrest on April 27, 2026, and no further narrative. *Id.*

The IJ concluded that Petitioner failed to bear the burden of showing that he is not a flight risk and ordered him detained without bond, memorializing this finding on a checkbox

form. Gray Decl., ¶ 12; Dkt. 9-4 at 2–3 (8/4/26 Order of IJ). Petitioner did not appeal the bond decision to the Board of Immigration Appeals ("BIA"). Dkt. 7 at 2. Accordingly, the IJ did not issue a bond memorandum. Any oral reasons for the bond decision have not been made part of this record. *See* Dkt. 10 at 3.

## II. LEGAL STANDARDS

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may obtain relief by showing that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c). A petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

This Court has jurisdiction to review bond hearings for errors of law, including as to whether the IJ properly found danger to the community or flight risk. *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024). The standard of review in such cases is abuse of discretion, under which the court determines whether the IJ applied the correct legal standard without reweighing evidence. *Id.* at 784–85.

## III. DISCUSSION

Petitioner asserts that the IJ's decision is an abuse of discretion that violates his due process rights because it is unsupported by the evidence submitted at the bond hearing and not grounded in individualized consideration of factors pertaining to flight risk. Dkt. 1 at 5–6.

In opposition, Respondents argue that Petitioner is not entitled to habeas relief because he fails to identify any grounds for waiving the requirement that he first exhaust administrative

remedies. Dkt. 7 at 2. In the alternative, Respondents request a thirty-day stay to "permit the IJ to issue a written bond memorandum." *Id*.

**A. Exhaustion of Administrative Remedies**

In cases brought under § 2241, exhaustion is a prudential, rather than jurisdictional, requirement. *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). The Court may waive the exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). The party seeking waiver of exhaustion bears the burden to show one of the *Laing* factors applies. *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) (citations omitted).

The Court finds it appropriate to waive the exhaustion requirement here, under *Laing*, as administrative remedies are "inadequate or not efficacious" and "irreparable injury would result." *Laing*, 370 F.3d at 1000; *see also Ascencio-Zetino v. Scott*, 2:26-CV-02856-DGE, 2026 WL 2686835, at *3-4 (W.D. Wash. Sept. 14, 2026). Recent government data reflects an average processing time of 204 days for BIA bond appeals. *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1307 (W.D. Wash. 2025), *aff'd*, 183 F.4th 1160 (9th Cir. 2026). Accordingly, the Court proceeds to consider the merits as to the IJ's bond determination.

**B. IJ Reasoning**

To determine whether a noncitizen is a danger to the community or a risk of flight, an IJ weighs any or all of nine non-exhaustive factors under *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). *Martinez*, 124 F.4th at 783 (listing factors). The IJ has "broad discretion in deciding the

factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *In re Guerra*, 24 I. & N. Dec. at 40.

Petitioner urges that his evidentiary submissions demonstrate that he is not a flight risk, including twenty years' residence and substantial ties in the United States. Dkt. 10 at 2. He argues that the IJ did not meaningfully weigh or consider Petitioner's positive equities in his decision. Dkt. 1 at 7-8. Respondents make no substantive challenge to this argument.[2]

Because the IJ's decision is recorded only on a check-box form, there is no information in the record concerning evidence the IJ considered, the legal standard he applied, or whether or how he weighed the *Guerra* factors. This Court has found similar conclusory bond decisions to constitute an abuse of discretion, and nothing here compels a different result. *See Ascencio-Zetino*, 2026 WL 2686835, at *9–10 ("The Court can see no reason why Petitioner's bond request was denied."); *Vasquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1103 (W.D. Wash. 2026) ("The Court is left to speculate concerning how the immigration judge viewed the evidence in light of the applicable factors. The Court must conclude that the immigration judge failed to do so, which constitutes an abuse of discretion."). Accordingly, Petitioner has established that the IJ's flight risk finding was an abuse of discretion and that he was not provided a constitutionally sufficient bond hearing.

**C. Respondents' stay request**

This Court declines Respondents' request to impose a thirty-day stay to permit the IJ to issue a written bond memorandum. Dkt. 7 at 2. *See Ascencio-Zetino*, 2026 WL 2686835, at *5

---

[2] Respondents state that "Petitioner failed to provide any evidence to the immigration court at his March 10, 2026, bond hearing." Dkt. 7 at 9 (citing "Pet., ¶ 46"). This sentence is disregarded as counterfactual. There is no other indication in this record that Petitioner had a bond hearing on March 10, 2026, and there is no Paragraph 46 in the instant Petition. Respondents attach to their return the written submission and evidentiary attachments Petitioner and DHS made in connection with his August 4, 2026, bond hearing. Dkts. 9-5 – 9-6.

("As has been stated before, if the IJs 'issue bond denial orders without any explanation in writing or on the record, the IJs and Respondents can expect the Court will continue to grant habeas relief.'") (quoting *Vasquez*, 2026 WL 2285535, at * 5).

**D. Remedy**

Petitioner requests immediate release from custody; Respondents are silent as to the appropriate remedy. *See* Dkts. 1, 7. In similar circumstances, courts in this District have found no basis for continuing to detain petitioners and ordered their immediate release. *See, e.g.*, *Segura Serrano v. Scott*, 2:26-CV-01268-LK, 2026 WL 1674357, at *9 (W.D. Wash. May 26, 2026); *Loya Medina v. Hernandez,* 2:26-CV-00772-GJL, 2026 WL 1260848, at *8–9 (W.D. Wash. May 7, 2026); *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026); *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.") (citations omitted). The Court here similarly finds no basis for Petitioner's continued detention and orders his immediate release with reasonable conditions of supervision, if warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the habeas petition, Dkt. 1, and ORDERS that Petitioner be RELEASED from immigration detention within 24 hours with reasonable conditions of supervision. Respondents shall file a notice with the Court within 48 hours that Petitioner has been released. Finally, any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 13th day of November, 2026.

S. KATE VAUGHAN
United States Magistrate Judge